**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

695 INVESTMENT GROUP, LLC,

        Plaintiff,

vs.                                           Case No. 3:16-cv-1221-J-32JRK

CITY OF JACKSONVILLE, etc.,

        Defendant.

**ORDER**

This case is before the Court on defendant's motion to dismiss (Doc. 10) to which plaintiff, after two Orders from the Court, responded along with a response to the Court's Order to Show Cause (see Response, Doc. 15, and Order to Show Cause, Doc. 14). Although the Court finds plaintiff's response to the Show Cause Order to be inadequate in that it fails to explain why plaintiff ignored the Court's February 6, 2017 Order directing it to respond to the motion to dismiss by February 28, 2017 (Doc. 11), now that plaintiff has responded to that motion and has become a member of the Middle District bar, the Court will discharge the Order to Show Cause (Doc. 14) and allow the case to proceed.[1]

Turning now to defendant's motion to dismiss, while it is true that plaintiff incorporates much of the content of individual counts into other counts, plaintiff explains that those allegations are ones deemed necessary to support each particular count. Because plaintiff

---

[1]This case has been pending in this Court since September 2016 and plaintiff's counsel was repeatedly advised that he was required to join the bar. That plaintiff's counsel chose not to become admitted sooner is no excuse for failing to respond to an Order of the Court. At minimum, counsel should have requested an extension of the deadline until his admission was complete.

has not engaged in the wholesale incorporation of every preceding count into the next, the Court does not view it as violating the Eleventh Circuit's strict censure against such tactics. See Byrne v. Nezhat, 261 F.3d 1075, 1128-34 (11th Cir. 2001), abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co., 553 U.S. 639 (2008).  However, the Court agrees that it is confusing to have so many factual allegations contained within the counts themselves as opposed to including them in the "Operative Facts" section, and then to have those paragraphs incorporated into subsequent counts as necessary.  Further, there are two Counts denominated as Count VI (although the first one says in the text that it is "Count 5"), there is no Count V, the first sentence of Count III says it is "Count 4," and the second Count VI and Count VII are requests for specific remedies (declaratory judgment and temporary injunctive relief) which are not causes of action in and of themselves.

In light of these deficiencies, no later than **April 28, 2017**, plaintiff is directed to file a more carefully drafted amended complaint that complies with Rule 8 of the Federal Rules of Civil Procedure.  Defendant, whose motion to dismiss (Doc. 10) is now **terminated**, shall respond no later than **May 19, 2017**.  The Court will shortly issue a Case Management and Scheduling Order to schedule the remainder of the case.

**DONE AND ORDERED** at Jacksonville, Florida this 3rd day of April, 2017.

TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

counsel of record